IVA UIAGALELEI, Plaintiff

v.

**JOHNNY FIA, FA`AFETAI FIA, BOB FIA, DOROTHY MORRIS and KIM MORRIS, Defendants**

High Court of American Samoa
Land and Titles Division

CA No. 16-00

May 5, 2000

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Marie Ala`ilima Lafaele
For Defendants, David P. Vargas

ORDER GRANTING PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION

At the outset, we note that this matter was filed as a civil action for hearing before the Trial Division, whereas the issues are properly matters before the Land and Titles Division. *See* A.S.C.A. § 3.0208(b). The matter shall be redocketed accordingly.[1]

Plaintiff seeks a preliminary injunction against the defendants and each of them to enjoin their interference with her quiet enjoyment of certain land located roadside of the main east-west highway in the village of Nu`uuli. Plaintiff claims entitlement through her deceased parents Sidney and Annie Glenister (the "Glenisters"), who had built a family residence (the "Glenister home") on the location. The Glenister home is the subject of the dispute before the Court.

Defendants Johnny Fia and Fa`afetai Fia (the "Fias") are brother and sister and they claim adverse entitlement through their father the late Leaoa Fagafua aka Fagafua Fia ("Leaoa"), who managed to procure registration in individual ownership to a part of land on which the Glenister home is located. The Fias have given plaintiff notice to quit the premises, which they have in mind to lease out to the defendants Dorothy and Kim Morris.

## Discussion

This interlocutory matter took up two days of evidentiary hearing. Our assessment of the evidence received favors the conclusion that plaintiff's rights to the disputed property, premised on a leasehold grant of communal land and a third party license given by competing claimants to land adjacent to the lease, are superior to the defendants' claim to individual ownership, which is premised on a faulty registration process.

A preliminary injunction may only issue upon applicant's showing of "sufficient grounds" after a hearing *inter partes* duly noticed. A.S.C.A. § 43.1301(g). Also, A.S.C.A. § 43.1401(j) provides that sufficient grounds for the issuance of a preliminary injunction means:

(1) there is a substantial likelihood that the applicant will prevail at trial on the merits and that a permanent injunction will be issued against the opposing party; and

(2) great or irreparable injury will result to the applicant

---

[1] Although it is common knowledge that the justices and judges of the High Court sit interchangeably on the various divisions of High Court, the parties should note that the vote of the associate judges at the appellate level carries considerably different weight depending on whether the appeal lies from the Trial Division or from Land and Titles Division. *See* A.S.C.A. § 3.0221.

before a full and final trial can be fairly held on whether a permanent injunction should issue.

*1. Likelihood of Prevailing on the Merits*

Mr. Lawrence French, a locally registered surveyor who has testified as an expert witness on numerous occasions before the Land and Titles Division of the High Court, placed the site of the Glenister home partially on land claimed by the Fias and partially on land claimed by the heirs of Solaita Leupeni. The part claimed by the Fias is claimed also by Maefau Taufete'e, a lesser matai of the Maluia family of Nu'uuli, as communal land of the Maefau family. The Fias are also members of the Maefau family.

Plaintiff's parents originally came upon the site after securing a lease agreement from Maefau Tauta as well as permission to build from the Solaita Laupeni family. The lease with Maefau Tauta, dated July 13, 1966, recites the leased premises as the *communal* property of the Maefau family. The lease, while stipulating a term of 30 years, also provided for a month-to-month holdover tenancy upon the expiration of the 30-year term. The incumbent titleholder, Maefau Taufete'e, has not terminated the resulting month-to-month tenancy provided by the lease agreement. Additionally, the evidence further reveals that the matai title Maefau was left vacant for many years between Maefau Tauta's administration and the relatively recent succession of Maefau Taufete'e. During this interim period, the Fias' side of the family received the rent from the Glenisters.

As to that portion of the Glenister home very evidently located outside the leased plot, as testified to by Mr. Lawrence French, the same is claimed by the descendants of Solaita Laupeni who have numerous buildings, both business and residential, located immediately adjacent. Mrs. Charmaine Solaita-Sili, a great-granddaughter of Solaita Leupeni, testified that it was her grandmother who had given the Glenisters oral permission to build. Mrs. Solaita-Sili further explained on the stand that the Glenisters are related to her grandmother and they do not dispute plaintiff's right to remain in the Glenister home. The Solaita Laupeni claim, however, is not at issue before us at this time.

The Fias' claim of superior entitlement to the leasehold plot is based upon the Territorial Registrar's records. From our review of the Territorial Registrar's records as well as pertinent court cases on the site, we find that Leaoa's registration of title to the leasehold plot, as his individually owned land, is quite clearly a nullity.

■ Firstly, a certificate of registration of title issued from the Territorial Registrar's office is made out to "Leaoa Fagafua aka Fagafua Fia." Yet

the Territorial Registrar's records fail to bear out that the statutory requirements of notice, under A.S.C.A. § 37.0102-03, was ever attempted. Rather Leaoa's offer to register was made on behalf of "Maefau Fia and heirs," and was never held out as the individual claim of Leaoa Fagafua aka Fagafua Fia.[2] The Land and Titles Division has held that the registration of title to land not in accordance with statutory procedure, A.S.C.A. §§ 37.0102, 37.0201 *et seq.*, is "null and void." *Faleafine v. Suapilimai*, 7 A.S.R.2d 108, 113 (Land & Titles Div. 1988). Irrefutably, the registration of title in the leasehold plot as the individually owned land of "Leaoa Fagafua aka Fagafua Fia" is hopelessly invalid.

Secondly, the history of the leasehold plot shows that the land is the communal land of the Maefau/Maluia family. The evidence before us, together with court cases on file dealing with the site, show that Maefau Tauta, a member of the Maefau family through marriage, first attempted to register the leasehold plot as his individually owned land on March 28, 1966. His claim was duly noticed to the world and attracted objection of Misi Taufete`e, a blood heir to the Maefau title and the grandfather of the incumbent titleholder, Maefau Taufete`e. Misi Taufete`e's grounds for objection were that the land was "communal land of the Maefau Family." While the dispute between Maefau Tauta and Misi Taufete`e was pending, Maefau Tauta dealt with the Glenisters on the premise that the leasehold plot was the communal land of the Maefau family, as evidenced not only by the lease instrument itself, but by a Separation Agreement executed by Maefau Tauta in favor of Sidney Glenister.[3]

Subsequently, on February 11, 1970, Leaoa offered Maefau Tauta's same survey for registration together with the same 1966 Pulenu`u's certification, for registration of the leasehold plot in individual ownership not in his own name but in the "heirs of Maefau Fia." This registration attempt attracted the objection of strangers to the Maefau family, the Soliai family of Nu`uuli. In due course the matter was referred to the Court for resolution.[4] Of interest in this file is a document

---

[2] Leaoa's offer to register became the subject matter of *Leaoa v. Soliai*, LT No. 1103.

[3] The ensuing land title dispute was duly referred to the court for resolution; however, matter was eventually dismissed without prejudice owing to Maefau Tauta's failure to prosecute and to comply with the court's instructions. *Taufete`e v. Maefau*, CA No. 63-66 (Order of Dismissal, entered Oct. 30, 1969).

[4] As with Maefau Tauta's registration exercise, the court similarly dismissed Leaoa's claim for lack of prosecution and failure to comply with the court's instructions. *See Leaoa v. Soliai*, LT No. 1103 (Order of Dismissal, entered Oct. 8, 1971).

styled "Detailed Application," which was filed by Leaoa with the Court on October 30, 1970. In response to Soliai's claim, Leaoa alleged that the leasehold plot:

> is part of the same property called "Alanoa" and is owned by the MALUIA family.

> THAT some time back, MAEFAU's father (Maluia Vaeaitu) granted (sic) portion of land . . . from the same property called "Alanoa" to Maefau and his sons Misi, Fia and Akeimo. (Akeimo is now known as TAUFETE`E of (sic) Nu`uli).

It seems, therefore, that while acknowledging the communal nature of the leasehold plot, as land belonging to "the Maluia family," Leaoa's purpose with registering the site in individual ownership, was to effect an alienation of communal property assigned for his father's use.[5] In *Faleafine v. Suapilimai*, 7 A.S.R.2d at 113, the Land and Titles Division cancelled such a registration of communal land to an individual family member, holding that it contravened the requirements of A.S.C.A. § 37.0102 *et seq.*, which sets out an alienation procedure that requires Land Commission hearings and then gubernatorial approval.

Finally, with regard to the oft seen practice of offering land for registration as individually owned land in a previous generation's "heirs," and not in an individual applicant's own name, as contemplated by the registration statute A.S.C.A. § 37.0101(a), the Appellate Division has recently spoken disparagingly on the validity of such a practice. In *Tulifua v. Tuitele*, 3 A.S.R.3d 54, 63-65 (App. Div. 1999), the Court noted that such a practice was not only at odds with the registration statute, but violative of the descent and distribution statute, A.S.C.A. § 40.0202, as well as being a convenient, but repugnant, vehicle to get around the Samoan blood restrictions on native land ownership in the Territory. *Tulifua*, 3 A.S.R.3d at 63-65.

On the foregoing, we conclude that plaintiff's derivative entitlement to the leasehold plot is superior to the defendants' derivative claim through their father Leaoa.

## 2. Irreparable Harm

As to the issue of irreparable harm, we are satisfied on the evidence that the equities weigh in favor of plaintiff.

---

[5] Leaoa's other apparent purpose procuring registration in his name only was to exclude the entitlement of his siblings Misi and Akeimo.

## Order

Accordingly the following order will enter:

1. The clerk shall redocket this matter with the Land and Titles Division;

2. The defendants and each of them, their agents and assigns and all those in active concert with them are hereby enjoined, pending final disposition hereof, from any interference with plaintiff's use and enjoyment of the Glenister home under the Maefau lease;

3. The rents due under the Maefau lease shall henceforth be deposited with the registry of the Court pending final disposition hereof.

It is so ordered.